# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

## Bogh v. Wilmer & Vincent Theatre Company, Appellant.

*Appeals — Quashing appeal — Defective paper-books — Assignments of error—Exceptions.*

An appeal will be dismissed where the assignments of error are not printed in appellant's paper book, and where an assignment of error to the refusal of a point shows no exception taken to such refusal.

Refusal of a motion for a new trial cannot be assigned as error.

Argued Dec. 7, 1915. Appeal, No. 60, Sept. T., 1913, by defendant, from judgment of C. P. Lehigh Co., Sept. T., 1913, No. 60, on verdict for plaintiff in case of Albert E. Bogh v. Wilmer & Vincent Theatre Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Appeal quashed.

Motion to quash appeal.

The motion to quash was for the following reasons:

1. The appellant has not printed the assignments of errors in his paper book as required by rule of court.

2. The assignments of error as filed are not sufficient because as to

(a) No exception was taken in the court below to its refusal to affirm the point submitted by appellant.

2   BOGH v. WILMER & V. THEATRE CO., Appellant.

Statement of Facts—Opinion of the Court. [62 Pa. Superior Ct.

(b) Error will not lie to the action of the court below discharging appellant's rule for a motion for a new trial.

(c) No assignable error appears upon the record.

*Dallas Dillinger, Jr.,* with him *Max S. Erdman,* for appellant.

*Claude T. Reno,* with him *John L. Schwartz,* for appellee.

PER CURIAM, December 20, 1915:

The appeal is quashed, at the costs of the appellant, for the reasons assigned in support of the appellee's motion.

---

# Kratz v. Marvin, Appellant.

*Attorney-at-law—Counsel fees—Contract—Affidavit of defense.*

In an action against the members of an unincorporated association organized to oppose the granting of liquor licenses, to recover counsel fees, an affidavit of defense is insufficient, which avers that the plaintiff offered his services without compensation, but that subsequently in the midst of the campaign he demanded a sum stated for services, under a threat that he would not continue to represent defendants; that the latter under threats of duress agreed to pay the sum demanded and actually paid one-half thereof; that plaintiff had failed in his agreement to provide the services of other attorneys, but without any averment that any other attorneys claimed compensation, or that the defendants were not fully represented, or advised in and out of court as to matters in which they were interested; and that the plaintiff had collected fees for the same services from other persons and localities, without averring the amounts of such payments or by whom they were made, or when or where they were made.

Argued Dec. 7, 1915. Appeal, No. 126, Oct. T., 1915, by defendants, from order of C. P. Montgomery Co., March T., 1915, No. 150, making absolute rule for judgment for want of a sufficient affidavit of defense in case